IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Shanell Royal | * | |
| | * | |
| v. | * | Civil Action No. CCB-19-2825 |
| | * | |
| Jane Kirschling | * | |
| | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| Shanell Royal | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. CCB-19-2826 |
| University of Maryland Graduate School & School of Nursing — Doctor of Nursing Practice, *et al.* | * | |
| | * | |

* * * * * * * * * * * * *

**MEMORANDUM**

Now pending is Shanell Royal's motion to alter or amend judgment. (CCB 19-2825, ECF 27; CCB 19-2826, ECF 37). For the reasons stated below, the court will deny the motion.

**FACTS/PROCEDURAL HISTORY**

The facts are recounted more extensively in the court's April 13, 2020, memorandum. (ECF 35, Memorandum[1]). Royal's claims stem from a verbal altercation with her clinical instructor, Shannon Seifert, while Royal was a student at the University of Maryland School of Nursing ("UMSON")—Doctoral Nursing Program ("DNP"). Seifert also gave her a failing grade for two clinical days. Royal alleges that university officials did not properly address the situation. She then went on leave (it is unclear if it was for medical reasons or not) and when she wanted to return, was told that she needed to be "evaluated and deemed fit to satisfy all essential requirements of the program by the School and a health professional of the School's selection."

---

[1] Unless otherwise indicated, citations to CM/ECF correspond to docket entries in No. 19-2826.

(*See* Memorandum at 6). Royal was not evaluated, and it appears has not returned to the nursing program.

On April 13, 2020, the court granted the university defendants'[2] motion to dismiss for failure to state a claim, Dean Jane Kirschling's[3] motion to dismiss for failure to state a claim, and Shannon Seifert's motion to dismiss based on improper service. (*See* ECF 36, Order).

## STANDARD OF REVIEW

Royal moves the court to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and 60. "The Fourth Circuit has said that 'a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment.'" *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010)). Royal filed her motion on May 11, 2020, within 28 days of the court's order granting the motions to dismiss on April 13, so the court will consider the motion under Rule 59(e).[4] "Nevertheless, the analysis is largely the same" under Rule 59(e) and Rule 60. *Id.* at 660.

Under Federal Rule of Civil Procedure 59(e), there are "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 385 n.2 (4th Cir. 2010) (quoting *Hutchinson*

---

[2] The university defendants are the University of Maryland, Dr. Kelly Malapanes-Aldrich, Dr. Veronica Amos, Dr. Michelle Gonzales, Dr. Margaret Hammersla, Dr. Shannon Idzik, Dr. Jane Kirschling, Ann Mech, Dr. Kathleen Michael, Jacqueline Mitchell, Tricia O'Neill, Dr. Joseph Pelligrini, Dr. Peter Rock, Dr. Roger Ward, and Suzanne Wozenski.
[3] The complaint in Case No. 19-2825 was brought against UMSON Dean Jane Kirschling only.
[4] The motion was docketed on May 18, but it appears it was deposited in the court's night box on May 11, 2020.

*v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).[5] "The district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Generally, however, it is a remedy that should be used sparingly. *Id.* (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

## DISCUSSION

I. Service of Seifert

The court found that Royal had not properly served the defendant Shannon Seifert. Royal attempted to serve Seifert by leaving the complaint and summons at Seifert's front door. (ECF 19, Return of Service).[6] In her opposition, Seifert stated that she also mailed the complaint and summons to Seifert's supervisors.[7] The court found that neither of these constituted proper service.

In the motion to alter or amend judgment, Royal provides additional information about her attempts at service. Royal states that she attempted to serve Seifert via his attorney but the law firm refused service. She also states she attempted to serve Seifert at his residence by certified mail, but no one would sign for the mail or retrieve it from the post office. Finally, she states that there were attempts to physically deliver the complaint to Seifert's address but each time, no one was there. Royal provides a receipt for a certified mailing to Seifert's attorneys,[8] but she does not provide a receipt supporting that she also attempted to serve Seifert at his residence by certified mail. (Royal cites to "Attachment 2," but that appears to be a receipt for

---

[5] Royal states that she moves under the second and third prongs, "to account for new evidence and prevent manifest injustice." (Mot. at 2).
[6] The "return of service" form did not indicate that the summons was also left at Seifert's front door. In her opposition Royal said the failure to check the "summons" box was an oversight. (*See* ECF 31, Opposition at 4).
[7] Royal also argues that service was proper under Federal Rule of Civil Procedure 5(b)(2)(B)(i) but that is for service of other pleadings and papers, not service of the complaint and summons.
[8] Royal states that she attempted to serve Seifert via his attorney on August 24, 2019. (Mot. at 4). The receipt, however, appears to be date stamped November 25, 2019. (ECF 37-10).

certified mail sent to Seifert's supervisors).

Md. Rule 2-121(a)(3) provides for service by "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.' Service by certified mail under this Rule is complete upon delivery." It does not appear that the complaint and summons were ever delivered to Seifert. Royal also attempted to serve Seifert through his attorney, but it is not clear that the attorney was an "agent authorized by appointment or by law to receive service of process for the individual." Md. Rule 2-124; *see also* Md. Rule 3-124; *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."). Therefore, Royal has not demonstrated that either of these methods constitutes proper service.[9]

Most importantly, however, is that none of this evidence is "new." These additional attempts at service could have been presented during the briefing on Seifert's motion to dismiss. Therefore, to the extent this information is relevant to extending the time limit of service under Federal Rule of Civil Procedure 4(m), it is not a proper basis for the court to alter or amend its judgment because it does not constitute "new" evidence. Finally, the court does not find that amendment is needed to avoid manifest injustice.[10]

II. Evaluation by school's health professional

---

[9] Royal cites to Md. Rule 3-123 and Md. Rule 3-126. Rule 3-123 concerns who can serve process and Rule 3-126 regards proof of service. Neither rule appears to be at issue here.

[10] The court notes that, while Seifert filed a motion to dismiss based on failure to state a claim solely in regards to a statute of limitations argument (which was not addressed by the court), the other defendants filed a motion to dismiss based on the sufficiency of the complaint. Royal brought two claims against Seifert: for civil rights violations (it appears under § 1983) and intentional infliction of emotional distress ("IIED"). In dismissing the claims against the other defendants, the court found that Royal had not sufficiently alleged discrimination to support her civil rights claim, and that Royal had not sufficiently alleged an IIED claim against Seifert and consequently could not proceed against the other defendants on the basis of vicarious liability. Therefore, the court notes that even if the claims against Seifert were to proceed, they are unlikely to be successful for the reasons the court noted in dismissing the claims against the other defendants.

In her motion to amend or alter judgment, Royal identifies students in her program who were able to return from medical leave without taking a fitness test or being evaluated by the school's chosen health professional.[11]  Even assuming that this is new evidence that could not have been presented earlier, it does not provide a basis for the court to alter or amend its judgment.  Attached to the motion is an email statement from Clifford Charles, who states that he was never required to take a fitness exam to get into the nursing program (ECF 37-6), an email statement from Grace Amoah-Kusi stating that she did not have to take a fitness test to apply, be admitted, or attend clinicals in the program (ECF 37-7), and a letter from Teresa E. Mott stating that she was not required to undergo a fitness test after returning from medical leave (ECF 37-8).  Royal also identifies additional students who did not have to take a fitness test upon returning from medical leave.

None of these students appear to be similarly situated to Royal.  As the court noted in its memorandum, "in addition to being on medical leave, Royal had also failed three clinical days and had sent what the school characterized as disturbing and unprofessional messages."  (Memorandum at 23 n.32).  Additionally, Royal has not identified any protected basis for why she was allegedly treated differently than other students.  Therefore, altering or amending the judgment is not warranted.

   III.   Title IX

The court dismissed Royal's Title IX claims because it found she had not sufficiently alleged harassment based on sex and had not sufficiently alleged she engaged in protected activity when reporting the verbal altercation with Seifert.  In the motion to alter or amend judgment, Royal cites to several cases involving students accused of Title IX violations who argue that their disciplinary proceedings were procedurally flawed and that the school reached an

---

[11] The evaluation was to determine if Royal was fit to satisfy the essential requirements of the nursing program.

5

erroneous finding due to gender bias, under the "erroneous outcome" theory. *See e.g. Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). These cases do not seem relevant to Royal, who was not accused of a Title IX violation. In any event, she has not sufficiently alleged "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." *Id.*

Royal states that "the Court cannot assume that the impact of the assault against her person based on sex was without merit." (Mot. at 7). The court has no doubt that Royal was extremely upset as a result of her verbal altercation with Seifert. But Royal has not sufficiently alleged that Seifert's conduct was based on her sex.[12] Nor has she sufficiently alleged that she engaged in protected activity, because she has not sufficiently alleged that it was objectively reasonable to believe that Seifert's conduct was based on her sex and in violation of Title IX. (*See* Memorandum at 25–26). The cases cited by Royal are not intervening changes in controlling law, and they do not demonstrate a clear error of law or that amendment is needed to prevent manifest injustice.

## CONCLUSION

For the reasons stated above, the court will deny Royal's motion to alter or amend judgment. A separate order follows.

| | |
|---|---|
| 5/26/20 | /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[12] Royal cites to *Goldstein v. Univ. of Maryland*, No. CV CCB-18-2376, 2019 WL 4467035 (D. Md. Sept. 17, 2019). In *Goldstein*, the plaintiff alleged she was subject to sexual comments and advances. *Id.* at *2. There are no similar allegations here.